IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| DARRELL SHEPHERD | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 7:12-cv-0580-LSC |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

**I. Introduction**

Plaintiff Darrell Shepherd ("Shepherd") filed this action against Defendant State Farm Fire and Casualty Company ("State Farm") in the Circuit Court of Pickens County, Alabama claiming breach of contract and bad faith refusal to pay. After his home was destroyed by fire, Shepherd made a claim on his State Farm homeowners' insurance policy for certain personal property he lost in the fire. State Farm assessed the value of Shepherd's personal property losses at $23,700.81, and sent him a check for that amount. Shepherd then submitted to State Farm a second, more detailed claim, listing every item of personal property lost in the fire. Shepherd

listed the total "replacement cost" of the lost items as $112,430.00.[1] Shepherd demanded that State Farm remit $41,550, the difference between the check he had already received and his personal property policy limit of $62.250.00.[2] State Farm refused any further payment without making any mention of the newly listed items of personal property. Shepherd brought this action in state court, seeking compensatory and punitive damages for breach of contract and bad-faith refusal to pay. In his complaint, Shepherd designated $41,550.00 as the amount sought for his breach-of-contract claim and an amount "to be determined by a jury" for his bad-faith claims.

State Farm removed this action on February 16, 2012, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. Shepherd then filed a timely motion to remand, contending that State Farm had not established that the amount in controversy exceeded $75,000, exclusive of interest and costs. The issues raised in this motion have been briefed by the parties. Upon full consideration, and for the reasons set forth below, this Court finds that the motion to remand is due to be denied.

---

[1] The insurance policy apparently did not provide for replacement cost coverage, however replacement cost value was the amount set forth in the second, more detailed claim according to the complaint.

[2] The actual amount now sought by Shepherd is $38,549.19. Shepherd acknowledges that his original amount was the result of an accounting error. (Doc. 4 at 7 n.2.)

## II. Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

## III. Analysis

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must ensure that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). There is no dispute that the parties are diverse; however, Shepherd claims that the amount in controversy requirement has not been met. The focus of the amount in controversy is "on how much is in

controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Additionally, "the plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiff [is] ultimately likely to recover." *Id.* (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

Ordinarily, "the sum demanded in good faith in the initial pleading . . . [is] deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (2012). But where "the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." § 1446(c)(2)(A). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In addition, "[w]here the pleadings are inadequate, [the court] may review the record to find evidence that diversity jurisdiction exists. *Id*. at 1320. The burden of demonstrating jurisdiction lies with the removing party. *See Leonard v. Enterprise Rent-*

*a-Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.").

Shepherd seeks three categories of damages in his complaint. First, Shepherd seeks to recover the full policy limit for personal property covered by the policy of insurance issued to him by State Farm. According to his complaint, he had a personal property policy limit of $62,250 but was only paid $23,700.81.[3] Shepherd contends that after he received the initial payment of $23,700.81, he provided State Farm with a second, more complete listing of the items of personal property he lost in the fire. According to Shepherd, State Farm refused to pay him for any of the additional items without even acknowledging the additional items lost in the fire. Without question, a minimum of $38,549.19 is in controversy.

Next, Shepherd contends he is due to recover damages for mental and emotional stress in his claim for bad faith. In a bad faith case under Alabama law, a jury may award damages for mental anguish "where it is demonstrated that the breach of the contractual duty actually caused the complaining party mental anguish or

---

[3]Shepherd asserts in his complaint that State Farm applied "excessive depreciation to the items listed in the partial inventory and underpaid Plaintiff . . . " (Doc. 1 at 10.)

suffering and that the breach was such that it would necessarily result in emotional or mental detriment to the plaintiff." *B & M Homes, Inc. v. Hogan*, 376 So. 2d 667, 672 (Ala. 1979); *See also Orkin Exterminating Co. v. Donovan*, 519 So. 2d 1330, 1333 (Ala. 1988). The complaint sets out that $38,549.19 was due to Shepherd to compensate him for his loss of personal property items lost in the fire. An award of up to $40,000 would arguably be appropriate to compensate Shepherd for the worry and mental anguish he is to experience from the date of the fire up until the time that he is able to replace his personal items. While this amount could go up or down based upon the actual amount of anguish experienced by Shepherd, having your home burn, followed by your insurance company refusing to pay for the personal property you lost, is clearly stressful. If the jury finds in favor of Shepherd on his claim of bad faith, an award of $40,000 for mental and emotional stress would be within reason.[4]

Finally, Shepherd has requested punitive damages, "the purpose of [which] *is not to compensate the plaintiff*, but to punish the wrongdoer and to deter the wrongdoer and others from committing similar wrongs in the future." *Green Oil Co. v. Hornsby*, 539 So.2d 218, 222 (Ala. 1989) (emphasis added). State Farm insists that Shepherd will argue to the jury for a large award of punitive damages as "the only way to

---

[4]This assumes that State Farm acted in bad faith and would not be the case if there actually is a legitimate dispute over the coverage due.

adequately punish and deter a corporation as large as State Farm." (Doc. 9.) State Farm is obviously in a difficult situation—arguing that a large punitive damages award is in controversy—while at the same time knowing that it will later argue that punitive damages should not be awarded at all. As this court has previously noted, "the plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiff [is] ultimately likely to recover." *Pretka*, 608 F.3d at 751. Thus the question is simply what amount is *in controversy*; or, stated another way: based upon what is before the court, what amount of punitive damages is within reason, should Shepherd prove his case? In answering this question, this Court is free to use "judicial experience and common sense." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

Shepherd asserts in his complaint that State Farm responded to the second itemized list of personal property lost in the fire without "acknowledg[ing] the items listed as damaged . . . ." (Doc. 1 at 11.) Based upon the facts alleged in the complaint, if the jury concludes that State Farm acted in bad faith, this Court's "judicial experience and common sense" would indicate that an award of $38,549.19 up to $77,098.38 would be appropriate.

## IV. Conclusion

State Farm has shown by a preponderance of the evidence that more than $75,000 is in controversy in this case. Accordingly, Shepherd's motion to remand is due to be DENIED. A separate order will be entered.

Done this 30th day of July 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

[167037]